BURKE, Plaintiff, v. BURKHART, Defendant.

(176 N. W. 743.)

(File No. 4685.　Opinion filed March 2, 1920.)

1. **Elections—Railroad Commissioner, Whether A State Officer, Whether Elected by State, or District, Vote.**

The duties of a railroad commissioner and of the Board of which he is a member, render him a state officer, though chosen from a district; construing Laws 1893, Ch. 136, Sec. 1, providing that such commissioners shall be elected from separate districts, but by "the qualified electors of the state at large," (said section having been omitted from Rev. Code 1903), and Sec. 3, requiring such commissioner to be a resident of the district "from which he is elected," said language having been changed in Rev. Code 1903 to read "for which he is elected."

2. **Elections—Railroad Commissioners, Whether Elected From Districts—Analogy of Legislative Elections.**

From adoption of Rev. Code 1903 (embracing Laws 1893, Ch. 136, with Sec. 1 thereof modified), down to present time, the law relating to election of railroad commissioners has been like that relating to members of Legislature who also are elected "from" districts; there being no provision in statute or constitution declaring that members of Legislature shall be elected by electors of the several districts instead of by state at large, yet, while state officers, it will not be presumed they should severally be elected by electors of the whole state.

3. **Mandamus—Railroad Commissioner, Candidacy Of—Compelling Secretary of State to Place Name on Primary Ballot—Petition, Signatures Re, Whether Based on State, or District, Vote—Statute, Whether Election From State, or District, Vote.**

Under Laws 1893, Ch. 136, Sec. 1, providing that railroad commissioners shall be elected from separate districts, but by the "qualified electors of the state at large," (which section was omitted from Rev. Code 1903) and Sec. 3, requiring such commissioner to be a resident of the district "from which he is elected," (said revision having changed the language to read "for which he is elected,"); and regardless of the change made by said omission, and of the fact that owing to such change railroad commissioners should thenceforth have been elected by the districts "for" which chosen, no attention was paid to the change in the law, and thenceforth the several incumbents of the office of Secretary of State have treated the law as though still providing for election of each railroad commissioner by electors of the whole state; and held, that the contention of defendant Secretary of State that, because of this fact, this Court should now construe the law as it appears to have been construed by such executive officers, is untenable, since while such executive construction should have great weight upon courts, it has no application where the statute is of doubtful construction; and such rule is inapplicable in present proceeding; that candidates for railroad commissioner should be elected by electors of the district "from which such candidate is proposed," hence plaintiff, in presenting an Individual

Candidate Proposal Petition, complied with provisions of Sec.
7118, Rev. Code 1919, when he procured and filed his petition,
which, as to number of signatures was based upon vote cast
for candidates for governor in the district of his residence, and
not on that cast in the state at large; and writ of mandamus
to compel defendant to place plaintiff's name on the Repub-
lican ballot at the coming primary election, is granted.

Original proceedings by John L. Burke, against C. A. Burk-
hart, as Secretary of State of the State of South Dakota, to
compel defendant to place plaintiff's name on the Republican
ballot at the forthcoming primary election as a Republican
candidate for railroad commissioner. Writ granted.

*Gaffy, Stephens & McNamee,* for Plaintiff.

*Byron S. Payne,* Attorney General, and *Oliver E. Sweet,*
Assistant Attorney General, for the State.

(1)   To point one of the opinion, Defendant cited: People
ex rel. Horan v. Baird et al., 164 Ill. 533, 44 N. E. 1081;
Secs. 9492 to 9502, Rev. Code 1919; Chap. 126, Laws Dak.
Territory for 1885; Chap. 110, Laws of 1889; Chap. 136,
Laws of 1893; Chap. 111, Laws of 1897; Secs. 186, 187,
Rev. Code 1903.

(3)   To point three, Defendant cited: Secs. 7117-19, Rev.
Code 1919; and re contemporaneous conservation; O'Connor v.
Gertgens (Minn.), 89 N. W. 871; United States v. Moore, 95
U. S. 760; Ellis v. Glaser (Mich.), 61 N. W. 652; State ex
rel. Gass v. Gordin (Mo.), 181 S. W. 1016; Smith v. Bryan
(Va.), 40 S. E. 652.

WHITING, J. Application for writ to compel the defend-
ant, as secretary of state, to place the name of plaintiff on
the Republican ballot, at the primary election, as a Republican
candidate for railroad commissioner. Plaintiff filed in the
defendant's office an individual candidate proposal petition. The
defendant contends that the office of railroad commissioner is
a state office, and that the petition filed was insufficient, in that
it did not have signatures enough attached thereto. Plaintiff
contends that those seeking nominations for the office of railroad
commissioner are elected "from districts," and that, under sec-
tion 7118, Rev. Code 1919, the number of signers necessary
for a proposal petition is based on the vote cast for candidates
for Governor in the district, and not that cast in the state. The

decision of this case rests on the determination of which contention is well founded.

[1]   The duties of a railroad commissioner and of the board of which such a commissioner is a member are such that he is, without question, a state officer, just as members of the Legislature and judges of the circuit court are state officers, though chosen from districts. Butts v. Purdy, 63 Or. 150, 125 Pac. 313, 127 Pac. 25; Dillman v. State, 20 Wyo. 404, 125 Pac. 378; State ex rel. v. Romero, 17 N. M. 88, 125 Pac. 617. The board of commissioners consists of three members. Under section 1, c. 136, Laws 1893, it was expressly provided that such commissioners should be elected from separate districts, but by the "qualified electors of the state at large." Section 3 of said act required a commissioner to be a resident of the district "from which he is elected." In the Revised Code of 1903, section 1, supra, was omitted, and the clause above quoted from section 3, supra, was changed to read "for which he is elected." Rev. Code 1903, § 189.

[2]   From the adoption of Rev. Code 1903 down to the present time, the law relating to election of railroad commissioners has been like that relating to members of the Legislature, who are also elected "from" districts. There is not a word, either in the Constitution or statute, that declares that members of the Legislature shall be elected by the electors of the several districts instead of by the state at large; and yet, while they are state officers, no one would presume to claim that they should each and every one be elected by the electors of the whole state. If the Legislature should create a board of nine game wardens, divide the state into nine districts, provide that a member of the board should be elected "from" each district, and should not specify by whom they should be elected, we apprehend that no one would have the temerity to suggest that each of such game wardens should be elected by the electors of the whole state.

[3]   But regardless of the change made by the omission from Rev. Code of 1903 of said section 1, c. 136, Laws 1893, and of the fact that, owing to such change, railroad commissioners should thenceforth have been elected by the districts "for" which chosen, no attention was paid to such change in

the law and from that time down until the beginning of this proceeding the several incumbents of 'the office of secretary of state have each treated the law as though it still provided for the election of each railroad commissioner by the electors of the whole state. Defendant contends that because of this fact, this court, after this long period of time, should construe the law as it appears to have been construed by such executive officers. But the rule that the construction given a statute by executive officers, if followed during a long period, should have great weight upon courts when called upon to construe such statute, has no application, except where the statute is in fact of doubtful construction. 36 Cyc. 1141, 1142. Such rule, therefore, has no application to the statute before us.

[4] Candidates seeking election to the office of railroad commissioner should be elected by the electors of the district "from which such candidate is proposed." It therefore follows that plaintiff in presenting an individual candidate proposal petition complied strictly with the provisions of section 7118, Rev. Code 1919, when he procured and filed his petition.

The writ sought is granted.