CAVANAGH, Respondent, v. COLEMAN, et al, Appellants

(33 N. W.2d 282.)

(File No. 8966.   Opinion filed July 2, 1948.)

Rehearing Denied July 30, 1948.

**Sigurd Anderson,** Atty. Gen., and **Benj. D. Mintener,** Asst. Atty. Gen., for Defendants and Appellants.

**Louis H. Smith,** of Sioux Falls, for Plaintiff and Respondent.

ROBERTS, P.J.   Appellants are members of the State Board of Embalmers and Funeral Directors.   Respondent, John J. Cavanagh, sought to obtain a license both as an embalmer and funeral director.   The issuance of such licenses is authorized only upon compliance with the requirements of Chap. 102, Laws 1939.   Section 4, amending SDC 27.1406, prohibits the granting of a license to any person other than a citizen of the United States or who is not of good moral character.   An applicant must be at least twenty-one years of age and have a high school education or its equivalent.   To obtain a license as an embalmer, an applicant "must have completed a nine-months' course at a school of embalming accredited by the board, must have completed two years' work as an apprentice embalmer in this state, and must pass an examination" in the several subjects mentioned therein.   This section provides that an applicant for a funeral director's license "must have completed one year's work as an apprentice funeral director of this state" and must pass an examination in funeral directing and other subjects set forth in the statute.   Such examinations must be in writing and the applicant must obtain an average of seventy-five per cent in all subjects.

The pertinent portion of section 5, amending SDC 27.1407, reads as follows:   "Any holder of a license as an embalmer or funeral director, or both, issued by any other state, or territory of the United States, or the District of Columbia, maintaining a system and standard of examination for license to act as an embalmer or funeral director, which in the judgment of the Board shall substantially be the equivalent of that required in this state for the issuance of a license therefor, may in the discretion of the Board, obtain a license from the Board without examination, upon payment of a fee of twenty-five dollars for license as an

embalmer and four dollars for license as a funeral director, and upon proof of good moral character."

Respondent in his application based his right to licenses upon the fact that he was granted on February 1, 1947, a license as an undertaker in the state of Pennsylvania. It appears from the application that such license was issued without examination pursuant to an Act of the General Assembly, No. 132, approved April 25, 1945, 51 P. S. Pa. §§ 628.1, 628.2, which provided in effect that any state board may in its discretion without requiring the passing of an examination grant a license to practice a profession or work at any trade or occupation to any person a resident of that state who at the time of becoming a member of the military or naval forces of the United States was in all other respects qualified according to law, but was prevented from taking the examination conducted by the board by reason of his or her enlistment or induction into the military or naval services of the United States.

The board rejected the application and the following are the minutes of the board relative thereto: "Mr. John J. Cavanagh appeared before the Board requesting a reciprocity license from the State of Pennsylvania. His Pennsylvania license was granted Jan. 1, 1947, without examination, and he had not practiced under it for two years immediately preceding his request, which is one of the requirements of this Board. Further, we have no reciprocity agreement with Pennsylvania. Motion made and carried that we reject the application as it does not meet our requirements."

Following this action of the board, applicant appealed from its decision to the circuit court. The court ruled that rejection of the application was an abuse of discretion on the part of the board and ordered the issuance of licenses as an embalmer and funeral director. The board has appealed from the judgment of the circuit court.

The requirements which the board contends respondent failed to comply with are contained in a rule, adopted by the board, which reads in part: "Applicants for a South Dakota license by reciprocity, either as an embalmer or as a funeral director * * * must have received the license on

which he applies for reciprocity by written examination before a board of embalmers and funeral directors, which license said applicant shall have held and practiced under for not less than two consecutive years immediately preceding the filing of his application with this board."

The board within limits is authorized to adopt rules and regulations. SDC 27.1403, as amended by Chap. 102, Laws 1939, § 3 and Chap. 124, Laws 1947. The authority conferred is administrative, not legislative, and rules adopted in contravention of the statute are invalid. In re Dakota Transportation, 67 S. D. 221, 291 N. W. 589. Nowhere in the statute governing the licensing of embalmers and funeral directors is it provided that the holder of a license in another state, to be entitled to a license without examination, must have been engaged in the occupation of an embalmer or funeral director for a period of not less than two years before making application in this state and reciprocity is not a condition imposed by statute. The board is without power to add to the statutory requirements. It cannot impose upon an applicant the two-year requirement, or deny to him a license without examination because a similar privilege in the state in which he resided is not accorded to persons licensed in this state. There is then for consideration the other reason upon which the board based its denial of the application that respondent was not licensed in Pennsylvania after examination. Licenses may be obtained under our statute by citizens of this state only after submitting to and successfully passing licensing examinations. No person having the statutory prerequisites is precluded from taking an examination. In the case of a holder of a license issued by any other state "maintaining a system and standard of examination for license to act as an embalmer or funeral director, which in the judgment of the board shall substantially be the equivalent of that required in this state", the board upon proof of good moral character and compliance with the procedure prescribed may issue a license without examination. It appears that the standard of requirements in Pennsylvania for license upon examination is at least substantially equivalent to that

in this. state. However, in this particular instance license was granted without examination. The defendant board has promulgated the policy of not accepting a license so issued in lieu of examination in this state. This would likewise bar any other, applicant licensed in another state without examination. We think that the action of the board was not an abuse of discretion. Under the statute and the rules of the board, examination of applicants is the established method of determining their fitness and in the present case the refusal of the board to waive examinations was not arbitrary or capricious and was not based upon a mistaken view of the law.

The judgment appealed from is reversed.

All the Judges concur.