STATE EX REL. CITY BANK & TRUST COMPANY and others, Appellants, v. MARSHALL & ILSLEY BANK, Respondent.

*October 7—November 3, 1959.*

The cause was submitted for the appellants on the brief of *A. W. Schutz* of Milwaukee, and for the respondent on the brief of *Quarles, Herriott & Clemons*, attorneys, and *Maxwell H. Herriott, William K. McKibbage*, and *Churchill, Duback & Churchill* of counsel, all of Milwaukee.

BROADFOOT, J.  Although the pleadings and the affidavits in support of and in opposition to the motion for summary judgment indicated that there were some controverted questions of fact, all of the parties agree that upon this appeal there is presented only a question of law as to the proper construction of sec. 221.04 (1) (f), Stats. The question is further limited in that we are concerned only with the removal of a branch bank legally established prior to 1909 from one location to another in the same city. The record discloses that at the time of the hearing in the trial court there were only four such branch banks in the state of Wisconsin.

Other facts necessary for a proper consideration of the issues, stated in chronological order, are as follows: The

defendant has been licensed to do business as a state bank within the city of Milwaukee since January 2, 1888. In 1904 the defendant established a branch bank at 414 West National avenue in the city of Milwaukee. On the 14th day of December, 1956, the defendant, through its officers, had a conference with the commissioner of banks of the state of Wisconsin for the purpose of discussing with him a plan to move its branch bank to the West Wisconsin avenue location. At the request of the commissioner of banks the deputy attorney general was present as his counsel. Disclosure of the facts relative to the proposed change in location was made and at the conclusion of said conference the commissioner of banks, acting upon the advice of his counsel, stated that he was of the opinion that the defendant's proposal would not contravene the provisions of the statute in question or any other section of the Wisconsin statutes, or any rule or regulation of the commissioner of banks. On the next day the defendant signed a lease for space in the West Wisconsin avenue location and moved into the same on or about September 30, 1957.

On or about January 23, 1957, the Bank Executives' Club of Milwaukee County, Inc., addressed to and filed with the attorney general a petition requesting him to commence and prosecute an action in a court of competent jurisdiction for injunctional or declaratory relief for the purpose of obtaining a construction of the true intent and meaning of sec. 221.04 (1) (f), Stats. As a result of the filing of said petition a conference was held with the attorney general on January 29, 1957, and at the conclusion of said conference the attorney general refused to act in the premises for the reason that his office had already rendered an informal opinion that the defendant might remove its branch office to the new location without contravening the provisions of the statute. Thereafter this action was started.

As originally adopted, the Wisconsin constitution contained a provision that banking legislation could originate in the legislature but must be approved by a vote of the people before becoming effective. Because of this requirement but little banking legislation was enacted. In November, 1902, the present sec. 4 of art. XI of our constitution was adopted. This section provides that the legislature has the power to enact general banking laws by a two-thirds vote of all the members elected to each house. By ch. 234, Laws of 1903, the legislature enacted a fairly comprehensive banking law. The law established a banking department under the management and control of a commissioner of banks, and provided that the commissioner should ascertain, among other things, whether a bank transacts its business at the place designated in its articles of incorporation and whether its business is conducted in the manner prescribed by law. This provision is now contained in sec. 220.04 (2), Stats. Neither the establishment of branch banks nor their later removal from one location to another was prohibited by the 1903 law.

A portion of sec. 2024–7, Stats., was amended by ch. 135, Laws of 1909, as follows:

"The persons so associating shall make, sign, and acknowledge written articles of incorporation containing:

"Third. The particular village, town or city and county where such bank is to be located, *and no bank shall establish more than one office of deposit and discount, nor establish and maintain branch offices or branch banks. But this provision shall not apply to branch banks now in existence.*"

The amendment consisted of the italicized words above. In the 1930's the legislature provided that banks might establish paying and receiving stations at points where there were no banking facilities.

In 1917 the commissioner of banks submitted two questions to the attorney general for an opinion. The questions were: (1) Has a state bank the authority to remove the main office of the bank to another location in the same municipality? (2) Has a state bank the authority to move one of its branches now legally in existence to another location in the same municipality? Both questions were answered in the affirmative. 6 Op. Atty. Gen. 600. This opinion was referred to with approval by the attorney general in 1926, in 15 Op. Atty. Gen. 435. The statute with reference to branch banks was the same in 1917 as it was in 1909 as quoted above.

By ch. 101, Laws of 1947, the portion of sec. 221.04 (1) (f), Stats., with which we are concerned, was amended to read:

". . . but no bank shall establish more than one office of deposit and discount or establish branch offices, branch banks, or bank stations, provided that this prohibition shall not apply to any branch office or branch bank established and maintained prior to May 14, 1909, or any bank station established and maintained prior to May 17, 1947, and any bank may exercise the powers granted by this subsection to carry on the business of banking in any such branch office, branch bank, or banking station so established. Applications for the establishment of bank stations which were on file with the banking commission on or before April 1, 1947, may be granted, subject to the provisions of this section as they existed prior to May 17, 1947."

Aside from minor amendments there have been no further changes in the statute under consideration.

Thus for more than forty years we have had an administrative construction of this statute relative to branch banks established prior to 1909 by the banking department upon the advice of the attorney general that such branch banks are permitted a change in location within the particular municipality specified in the charter as the location of said bank.

In the case of an ambiguous statute, and we deem the one before us to be such, administrative construction over a long period is entitled to great weight. *State ex rel. West Allis v. Dieringer,* 275 Wis. 208, 81 N. W. (2d) 533; *Frankenthal v. Wisconsin R. E. Brokers' Board,* 3 Wis. (2d) 249, 88 N. W. (2d) 352, 89 N. W. (2d) 825.

The plaintiff contends that the above rule of construction is not applicable in determining the question before us. The arguments advanced in support of such contention have been examined and found to be without merit.

The main portion of the plaintiff's argument upon this appeal is based upon the case of *Yorkville v. Fonk,* 3 Wis. (2d) 371, 88 N. W. (2d) 319. In that case we were concerned with a town ordinance regulating and providing for the licensing of trailer or mobile homes in camps or parks. Plaintiff contends that we should apply the same principles to this case that are applied in zoning and to consider the branch bank as a nonconforming use that could be conducted at its old location but could not be moved. Zoning deals with the division of a municipality into districts and the regulation of buildings and structures in such districts in accordance with their type of construction and the nature of their use. Upon a first reading the argument seems plausible but upon thorough study it is not convincing. We are unable to see that the principles applied to nonconforming uses in zoning cases have any application to the case before us.

We find no prohibition in the statutes against the moving of defendant's branch from National avenue to West Wisconsin avenue, and we agree with the trial court that such move did not contravene sec. 221.04 (1) (f), Stats.

*By the Court.*—Judgment affirmed.