LIVESTOCK STATE BANK, Appellant

v.

STATE BANKING COMMISSION, Respondent

(127 N.W.2d 139)

(File No. 10133.  Opinion filed March 23, 1964)

Rehearing denied May 4, 1964.

**Paul O. Kretschmar,** Eureka, for Plaintiff and Appellant.

**M. T. Woods,** Sioux Falls, amicus curiae.

**Frank L. Farrar,** Atty. Gen. **Fred Hendrickson,** Sp. Asst. Atty. Gen., Pierre, for Defendants and Respondents.

**Roswell Bottum,** Rapid City, amicus curiae.

HALL, Circuit Judge.  On October 26, 1963, plaintiff, a banking corporation organized and chartered under the laws of this state and having its principal place of business at Artesian, South Dakota, filed an application with the Superintendent of Banks of the State of South Dakota under the provisions of SDC 1960 Supp. 6.0402 to establish a branch bank at Java, South Dakota. Said application was denied by the South Dakota Banking Commission for the reason that the town of Java is situated more than fifty miles from the parent bank operated at Artesian, South Dakota, and that establishment of a branch of plaintiff's bank at Java, South Dakota, in accordance with the application would constitute a violation of Rule 17 of the rules and regulations adopted by the South Dakota Banking Commission.

Rule 17, adopted by the South Dakota Banking Commission on May 28, 1945 is as follows:

"No such branch office or branch bank shall be established outside of the county or adjoining counties, of the bank's domicile, or more than fifty miles away from such bank."

The plaintiff thereafter brought this action against the State Banking Commission for a declaratory judgment declaring Rule 17 invalid, void, without force of law and that plaintiff therefore is not required to comply with the terms and provisions thereof. The case was presented to the trial court on a stipulation of facts, and judgment was entered in favor of defendants and against plaintiff. The appeal from this judgment raises but one issue for determination by this court; that being the validity of Rule 17 and the statutes relied upon by the State Banking Commission as authority for the promulgation and adoption of said rule.

Under subsection (3) of SDC 6.0205, the State Banking Commission is given power "*  *  * to adopt all necessary rules and regulations not inconsistent with the laws of this state for the management and administration of banks doing business under the laws of this state."

The terms "branch office" and "branch bank" are defined in SDC 6.0101 as follows:

"(7) 'Branch office', a branch place of business maintained by a bank within the county of its domicile or an adjoining county to receive deposits, issue drafts and cashier's checks, make change, pay checks, and other clerical and routine functions, but not including making loans and discounts;

"(8) 'Branch bank', a branch place of business maintained by a bank for conduct of banking."

SDC 1960 Supp. 6.0402, "Branch offices and branch banks authorized", provides in part as follows:

"A branch office or a branch bank may be conducted by a bank only with the permission of the Commission under such rules and regulations as the Commission shall prescribe, and such permission to be in

the sole discretion of the Commission. No branch office shall be operated in any city or town after any state or national bank has received authority to operate in such town or city. Only one branch office shall be established in any town or city.

"Each branch office * * *.

"* * * Except by purchase of, or consolidation with all existing banks located in such town or city, no branch bank shall be established in any city or town of less than three thousand population where there is an existing national or state bank regularly transacting banking business, or in any city of more than three thousand population and less than fifteen thousand population where there are two or more existing national or state banks regularly transacting banking business."

■■ The validity of Rule 17 and the statute relied upon for the adoption thereof rests upon the general principles last before this court in Boe v. Foss (1956), 76 S.D. 295, 77 N.W.2d 1, and stated by Judge Smith as follows:

"Inherent in the division of our state government into three distinct departments by Art. II of our constitution is the principle that the Legislature cannot abdicate its essential power to enact basic policies into law, or delegate such power to any other department or body. Equally as fundamental and settled is the principle that having written broad policy into law the Legislature, in the execution of that policy, can delegate quasi-legislative power or functions to executive or administrative officers or agencies, provided it adopts understandable standards to guide its delegate in the exercise of such powers. Territory ex rel. Smith v. Scott, 3 Dak. 357, 20 N.W. 401; Davenport v. Elrod, 20 S.D. 567, 107 N.W. 833; Brookings County v. Murphy, 23 S.D. 311, 121 N.W. 793; St. Charles State Bank v. Wingfield, 36 S.D. 493, 155 N.W. 776; Application of Dakota Transportation, Inc., 67 S.D. 221, 291 N.W. 589; Utah Idaho Sugar Co. v. Temmey, 68 S.D. 623, 5 N.W.2d 486; and see

Panama Refining Co. v. Ryan, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 474; 27 Yale L.J. 892; 24 Corn L.Q. 13."

■ In applying these principles, the question presented is whether Rule 17 represents an unlawful attempt by the State Banking Commission to exercise legislative power and is thus invalid, or is a valid rule adopted under rule-making power delegated to the Banking Commission by the legislature to carry out the broad policy written into the law by the legislature with understandable standards to guide the Commission in the exercise of such power.

■ The acts of our legislature, to be examined for such broad policy and standards to guide the Commission here applicable are as stated above, and there is nothing therein indicating that the legislature contemplated that the rules to be adopted by the Commission for "the management and administration of banks" should extend beyond the area of bank operation as contrasted to bank location. The only specific restriction stated by the legislature on the location of branch banks is set forth in the last sentence of the third paragraph of SDC 1960 Supp. 6.0402, as quoted above.

■ No other policy concerning the limitation on the location of branch banks having been imposed by the legislature, the expression of statutory restriction on the location of branches implies a legislative intent to exclude other restrictions under the rule of express mention and implied exclusion. State ex rel. Hollow Horn Bear v. Jameson (1959), 77 S.D. 527, 95 N.W.2d 181, 185.

■ By adopting Rule 17, the Commission attempted to put into effect a policy on branch banking that was not written into the law by the legislature and thus enlarged upon the statutory requirements for establishment of branch banks. Rules adopted by administrative agencies under such conditions are invalid. St. Charles State Bank v. Wingfield (1915), 36 S.D. 493, 155 N.W. 776; Cavanagh v. Coleman (1948), 72 S.D. 274, 33 N.W.2d 282. We conclude Rule 17 is invalid as an unwarranted attempt by the State Banking Commission to exercise legislative power. Judge Mickelson reached the same con-

clusion in State of South Dakota v. National Bank of South Dakota, D.C. (1963), 219 F.Supp. 842.

■ Respondent argues that the continued existence of Rule 17 since 1945, its approval as a valid rule in an Attorney General's opinion of August 16, 1950, and acquiescence therein by the banking industry and the legislature, should be considered in the upholding of the validity of the rule. Respondent states that in ascertaining legislative intent, administrative interpretation of a statute may be considered, especially where it is of long standing. Farmers & Mech. Sav. Bank v. Department of Commerce (1960), 258 Minn. 99, 102 N.W.2d 827; Wyandotte Savings Bank v. Eveland (1956), 347 Mich. 33, 78 N.W.2d 612; State ex rel. City Bank & Trust Co. v. Marshall & Ilsley Bank (1959), 8 Wis.2d 301, 99 N.W.2d 105. This rule has no application except when the statute in question is ambiguous. Burke v. Burkhart (1920), 42 S.D. 604, 176 N.W. 743; State ex rel. Widdoss v. Esmay (1948), 72 S.D. 270, 33 N.W.2d 280. The statutes under which the Banking Commission purported to adopt Rule 17 present no ambiguity requiring consideration of such administrative interpretation. We are concerned here with the validity of Rule 17 and not its meaning. See Lafferty v. State, 80 S.D. 411, 125 N.W.2d 171.

The judgment appealed from is reversed. No costs are to be taxed.

All the Judges concur.

HALL, Circuit Judge, sitting for HOMEYER, J., disqualified.