The SOUTH DAKOTA MIGRATORY BIRD ASSOCIATION, By and Through O.R. BRANCEL and Francis Downes, Members of the Board of Directors of Said Association and Gary Baumberger and William Zimmerman, Members of Said Association, Plaintiffs and Appellants,

v.

The SOUTH DAKOTA GAME, FISH AND PARKS COMMISSION, David Brost, Robert Reder, John Cimpl, Harvey Thayer, Walter Black, Robert Ingle, Owen Wipf, and Marvin Thielsen, Game, Fish and Parks Commissioners; the State Department of Game, Fish and Parks, its Director, Jack Merwin, and its Agents and Employees; Governor William J. Janklow; Attorney General Mark Meierhenry; and the State of South Dakota, Defendants and Appellees,

and

The South Dakota Wildlife Federation and the National Wildlife Federation, a nonprofit corporation, Intervenors and Appellees.

No. 13413.

Supreme Court of South Dakota.

Argued Sept. 30, 1981.

Decided Nov. 18, 1981.

---

cluded lead pellets would present a health hazard to migratory waterfowl.

The circuit court issued a declaratory judgment determining that the "steel shot rule" was properly enacted by the Commission.

This appeal addresses the narrow issue of whether there was a proper delegation to the Commission of rule-making authority to enable the Commission to adopt a "steel shot rule."

In order to find a proper delegation there must be:

1. A clearly expressed legislative will to delegate the power to adopt the particular rule; and,

2. A sufficient guide or standard to guide the agency.

*Oahe Conservancy Subdistrict v. Janklow*, 308 N.W.2d 559 (S.D.1981); *Bjornson v. City of Aberdeen*, 296 N.W.2d 896 (S.D. 1980); *State, Div. of Human Rights v. Prudential Ins.*, 273 N.W.2d 111 (S.D.1978); *Application of Kohlman*, 263 N.W.2d 674 (S.D.1978); *Boe v. Foss*, 76 S.D. 295, 77 N.W.2d 1 (1956). Cf. *Affiliated Distillers Brands Corp. v. Gillis*, 81 S.D. 44, 130 N.W.2d 597 (1964).

The prerequisites must be found, if they exist, in SDCL 41–2–18 and SDCL 41–2–32 which provide:

41–2–18. The department of game, fish and parks shall have the power to regulate, direct, and control in every practical manner under the laws of this state, the conservation, protection, importation, and propagation, and the hunting, taking, or killing of all game and fur-bearing animals, game birds, and fish and harmless birds and animals and, except as otherwise provided by statute, shall have jurisdiction and authority for such purposes over all lands and waters owned, leased, or controlled by the state . . . .

41–2–32. The game, fish and parks commission shall have the power to make rules and regulations for the purpose of

Brent Wilbur of May, Adam, Gerdes & Thompson, Pierre, for plaintiffs and appellants.

Mikal Hanson, Asst. Atty. Gen., Pierre, for defendants and appellees; Mark V. Meierhenry, Atty. Gen., Pierre, on the brief.

James R. McCurdy, Vermillion, for intervenors and appellees.

PER CURIAM.

The South Dakota Game, Fish and Parks Commission (Commission) promulgated a "steel shot rule" (Administrative Rule 41:06:04:05(4)). This rule in effect bans the use of lead shotgun pellets in certain geographical areas where the Commission con-

carrying out the purpose and intent of the laws pertaining to matters under their jurisdiction, which rules and regulations must be consistent with said purposes and intent. . . .

We believe that SDCL 41–2–32 is the clearly expressed legislative will to delegate the power to adopt the particular rule.

Furthermore, we believe that SDCL 41–2–18, which describes the purpose of the Department of Game, Fish and Parks which must act through its Commission, provides the sufficient guide or standard to guide the agency.

The judgment of the trial court is affirmed.

HEEGE, Circuit Judge, sitting for DUNN, J., disqualified.