**In the Matter of the Certification of Richard ACKERSON, In the Matter of Certification of Kent KARLEN, In the Matter of Certification of Thomas SCHMITT.**

Nos. 13832, 13833, 13834.

Supreme Court of South Dakota.

Argued March 22, 1983.

Decided June 22, 1983.

Jon R. Erickson, Asst. Atty. Gen., Pierre, for appellant South Dakota Law Enforcement Standards and Training Commission; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Daniel R. Moen, Aberdeen, for appellee Richard Ackerson.

Thomas P. Tonner of Maynes, Tonner, Maynes & Tobin, Aberdeen, for appellee Kent Karlen.

William D. Gerdes, Aberdeen, for appellee Thomas Schmitt.

HENDERSON, Justice.

## PROCEDURAL HISTORY/CHRONOLOGY

*September 15, 1981,* the Aberdeen, South Dakota Police Chief and the Commissioner of Public Safety jointly notify appellees Ackerson, Schmitt, and Karlen that appellees were terminated as Aberdeen police officers due to appellees' involvement with marijuana. Within three days, appellees filed a notice of appeal with the Civil Service Board for the City of Aberdeen (Aberdeen Board).

*September 18, 1981,* appellees are notified that the South Dakota Law Enforcement Standards and Training Commission (State Commission) has revoked appellees' certifications as law enforcement officers pursuant to ARSD 2:01:02:07.

*October 26, 1981,* appellees petition the State Commission for a hearing on their decertifications.

*October 27, 1981,* the Aberdeen Board determines that appellees' removal was made "in good faith for cause"; however, the Aberdeen Board modifies appellees' terminations and reinstates appellees as police officers subject to seven-week suspensions without pay.

*December 9, 1981,* the State Commission determines that since the Aberdeen

▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄▄

Board did find that appellees' removal was for cause, appellees are no longer able to remain certified and, moreover, appellees no longer possess the minimum standards necessary for employment as law enforcement officers.

*December 28, 1981,* a due process hearing is held by the State Commission resulting in revocation of appellees' certifications pursuant to ARSD 2:01:02:07 and ARSD 2:01:02:01(4).

*February 16, 1982,* appellees appeal the State Commission's decision to the circuit court.

*June 3, 1982,* the circuit court orders reinstatement of appellees' certifications by ruling:

Clearly, the Commission's findings that [appellees'] actions have discredited the Aberdeen police department and caused them to lose credibility and effectiveness as law officers is not one of the criteria that can be invoked for revoking certification....

\* \* \* \* \* \*

The only grounds for the Commission's action in revoking certification that will be considered in this appeal are that the officers have been discharged from their present employment for cause.

\* \* \* \* \* \*

... At their hearing before the Board the decision was to modify the termination to a suspension for seven weeks without pay and reinstatement at the end of that time. This was not a termination of employment—the Law Enforcement Standards and Training Commission therefore had no grounds for revoking the certifications.

*June 8, 1982,* the State Commission appeals from the circuit court's order.

We affirm the circuit court.

### FACTS

In November of 1980, appellee Karlen, while off duty, used marijuana on at least two occasions. During the same time period, appellee Ackerson discovered marijuana on the police station restroom floor. Subsequently, appellee Ackerson removed the marijuana and placed it in the glove compartment of his personal automobile. According to appellee Ackerson, five months later he removed the marijuana from his automobile and stored it on the front porch of his home. Appellee Ackerson purportedly destroyed the marijuana in May of 1981. In December of 1980, appellee Ackerson witnessed Susan Sobesky, an off-duty police dispatcher, using marijuana. Appellee Ackerson failed to take action or report what he witnessed.

During September of 1980, appellee Schmitt removed marijuana from an abandoned vehicle in Aberdeen, South Dakota. Appellee Schmitt gave the marijuana to a police dispatcher who was accompanying him on patrol. Appellee Schmitt's inventory report failed to disclose his discovery of marijuana. Appellee Schmitt initially denied this incident, but later admitted what had transpired.

### ISSUES

#### I.

DOES THE SOUTH DAKOTA LAW ENFORCEMENT STANDARDS AND TRAINING COMMISSION HAVE THE AUTHORITY TO REVOKE LAW ENFORCEMENT OFFICERS' CERTIFICATIONS, PURSUANT TO THE STANDARDS SET FORTH IN SDCL 23–3–42 AND ARSD 2:01:02:01? WE HOLD THAT IT DOES NOT.

#### II.

WERE APPELLEES DISCHARGED FOR CAUSE PURSUANT TO ARSD 2:01:02:07? WE HOLD THAT THEY WERE NOT.

### DECISION

#### I.

▄▄▄▄ A ruling or decision of an administrative agency is upheld unless we find that in light of the entire record, the decision is clearly erroneous or we are left with a firm

and definite conviction that a mistake has been made. *Dakota Harvestore Sys., Inc. v. Dep't of Revenue,* 331 N.W.2d 828 (S.D. 1983); *Deuter v. South Dakota Highway Patrol,* 330 N.W.2d 533 (S.D.1983); *Fraser v. Water Rights Comm'n, Etc.,* 294 N.W.2d 784 (S.D.1980). Additionally, as we review the administrative record we are not bound by a presumption that the circuit court was correct. *Matter of Clay-Union Elec. Corp.,* 300 N.W.2d 58 (S.D.1980); *Matter of S. Lincoln Rural Water Sys.,* 295 N.W.2d 743 (S.D.1980).

 Quasi-legislative powers may be delegated by the legislature to state agencies. *Oahe Conservancy Subdistrict v. Janklow,* 308 N.W.2d 559 (S.D.1981). A legislative delegation of power to an agency must provide a clearly expressed legislative will and sufficient standards for guiding the agency. *S.D. Migratory Bird Ass'n v. S.D. Game, Fish & Parks Comm'n,* 312 N.W.2d 374 (S.D.1981). An agency or commission may not enlarge upon its statutory authority to provide additional regulations even if such additions are advisable. *Livestock State Bank v. State Banking Comm'n,* 80 S.D. 491, 127 N.W.2d 139 (1964).

Standards for certifying law enforcement officers are found in SDCL 23–3–42:

*Qualifications prescribed for law enforcement officers.* In addition to the requirements of § 23–3–41, the commission, by rules and regulations, shall fix other qualifications for the employment and training of appointed law enforcement officers, including minimum age, education, physical and mental standards, citizenship, good moral character, experience, and such other matters as relate to the competence and reliability of persons to assume and discharge the various responsibilities of law enforcement officers, and the commission shall prescribe the means for presenting evidence of fulfillment of these requirements.

ARSD 2:01:02:01 draws upon SDCL 23–3–42, and as applicable during 1981, provides: "*Minimum standards for employment.* No person shall be temporarily or permanently employed as a law enforcement officer, as defined in SDCL 23–3–27, unless he shall . . . ," and seven requirements follow which include: 1) citizenry of the United States; 2) between 25 and 55 years of age; 3) has been fingerprinted; 4) is of good moral character as determined by an investigation of the employing agency; 5) has a high school education; 6) is in good health; and 7) has a temperament, personality, appearance, and communications ability adapted to serving in law enforcement.

As for decertification, SDCL 23–3–35(3) is crucial to our analysis as it provides the Commission's power to:

(3) Certify persons as being qualified under the provisions of §§ 23–3–26 to 23–3–47, inclusive, to be law enforcement officers, and by rule to establish criteria and procedure for the revocation or suspension of the certification of officers who are convicted of a felony or misdemeanor involving moral turpitude, have intentionally falsified any application or document to achieve certification, or have been discharged from employment for cause.

Premised upon SDCL 23–3–35(3), is ARSD 2:01:02:07 which provides:

*Revocation of certification of law enforcement officer.* Upon the application of any person or upon the application of any member of the division of criminal investigation and upon proof that a certified law enforcement officer has been convicted of any misdemeanor involving moral turpitude or a felony, falsified any information required to obtain certification or been discharged for cause from present employment as a police officer, the commission shall revoke the certification of such law enforcement officer.

After appellees' hearing, the Commission determined:

That Karlen, Ackerson and Schmitt had been discharged for cause from present employment as police officers as set forth in ARSD 02:01:02:07.

That Karlen's, Ackerson's and Schmitt's actions had discredited the Aberdeen Police Department and caused them to lose credibility and effectiveness as law en-

forcement officers, and therefore they no longer possessed the minimum standards necessary for certification and employment as law enforcement officers as set forth in ARSD 02:01:02:01(4).

■ Appellant urges this Court to hold that the State Commission has the power to rule that a law enforcement officer's certification has lapsed because the officer no longer meets the requirements of his original certification. We are unwilling to so hold. SDCL 23–3–35, SDCL 23–3–42, and ARSD 2:01:02:01 provide the State Commission with the power and criteria to certify law enforcement officers. SDCL 23–3–35(3) and ARSD 2:01:02:07 delineate absolute grounds necessary for the State Commission to revoke a certification. To allow an intermediate ground for lapse or revocation of certifications to spring forth from ARSD 2:01:02:01 is in contravention of, and exceeds the express will of, SDCL 23–3–35(3) and SDCL 23–3–42. A decertification under the nebulous and unarticulated ground of "good moral character" would totally emasculate the grounds for revocation set forth in SDCL 23–3–35(3). Therefore, we hold that any State Commission decertification of a law enforcement officer must be conducted in compliance with SDCL 23–3–35(3) and ARSD 2:01:02:07. That portion of the circuit court's order disallowing decertification based on ARSD 2:01:02:01 is affirmed.

## II.

Revised Aberdeen City Ordinance 15–67 Section 21–84 provides in part:

The investigation shall be confined to the determination of the question of whether such removal, suspension, demotion, or discharge was or was not made for political or religious reasons and was not made in good faith for cause.

\* \* \* \* \* \*

(c) The board upon such investigation, in lieu of affirming the removal, suspension, demotion or discharge may modify the order of the removal, suspension, demotion or discharge by directing a suspension without pay for a given period and subsequent restoration of duty, or demotion in classification, grade or pay.

Since appellees were discharged from their employment pursuant to marijuana involvement allegations that could adversely impact upon appellees' reputations and ability to obtain future employment, appellees' termination was unresolved until the Aberdeen Board ruled in a due process hearing that appellees were terminated for just cause. *See Deuter*, 330 N.W.2d at 537. If appellees would have failed to appeal their terminations to the Aberdeen Board, the decision of the Police Chief would have been controlling.

An analysis of the Aberdeen Board's determination is dispositive of this appeal. On October 27, 1981, the Aberdeen Board determined "the removal was not made for political or religious reasons and was made in good faith for cause." However, most importantly, the Aberdeen Board went on to modify the termination: "said officer is to lose all pay for seven (7) weeks, commencing with the date of his removal, and thereafter said officer shall be restored to duty."

■ Since these appeals are from the circuit court's reversal of the State Commission's action, the merit of the Aberdeen Board's action is not before us and thus, it is not within our province to question the wisdom of the Aberdeen Board's decision. Undeniably, the Aberdeen Board suspended, rather than discharged, appellees. Therefore, the requirements of SDCL 23–3–35(3) and ARSD 2:01:02:07 were unfulfilled, and a decertification was unwarranted. We are compelled to agree with the circuit court's analysis, and we must uphold the circuit court's order in its entirety.

Affirmed.

DUNN and MORGAN, JJ., concur.

WOLLMAN, J., concurs specially.

FOSHEIM, C.J., dissents.

WOLLMAN, Justice (concurring specially).

Much as I would like to join Chief Justice Fosheim's dissenting opinion, I am compelled to agree with the majority opinion that the effect of the Aberdeen Civil Service Board's decision was that appellees had not been discharged from employment for cause within the meaning of SDCL 23–3–35(3). However anomalous it may be that the Civil Service Board first found that Chief Sauer's removal of appellees was made in good faith for cause and then proceeded to modify the order of removal, the Board acted within the authority granted to it by local ordinance. In effect, the Board nullified Chief Sauer's command decision and thus precluded the State Commission from utilizing that decision as a grounds for revoking appellees' certification.

FOSHEIM, Chief Justice (dissenting).

The State Commission is empowered to decertify "officers who . . . have been discharged from employment for cause." SDCL 23–3–35(3). The statute does not require that the discharge be ordered by any particular authority—merely that there must be a discharge. The facts reveal that: 1) appellees' employment was terminated by the police chief and the public safety commissioner for drug-related activities, *"which is sufficient cause for . . . discharge"* (emphasis added); 2) the Aberdeen Civil Service Board determined that appellees' removal was made "in good faith for cause" (The Board referred to the action of the police chief and public service commissioner as a "discharge."); and 3) based on that determination, the State Commission concluded appellees no longer possessed the minimum standards necessary for employment as law enforcement officers and therefore should be decertified.

We review this administrative decision in the same light as did the circuit court. We must uphold the State Commission's decision unless we conclude it is clearly erroneous or are left with a firm and definite conviction that a mistake has been made. *Deuter v. South Dakota Highway Patrol,* 330 N.W.2d 533 (S.D.1983). The decision of the State Commission was not clearly erroneous or was it a mistake. The Aberdeen Board's attempt to modify the "discharge" to a suspension was not controlling.