In the Matter of the Mortician License Application of Ivan WERNER.

No. CX–97–1133.

Court of Appeals of Minnesota.

Dec. 23, 1997.

Richard A. Grayson, Peter C. Grayson, Sanborn & Grayson, St. Paul, for relator Werner.

Hubert H. Humphrey, III, Attorney General, Wendy Willson Legge, Assistant Attorney General, St. Paul, for respondent.

Considered and decided by KLAPHAKE, P.J., and DAVIES and HARTEN, JJ.

### OPINION

HARTEN, Judge.

The assistant commissioner of health adopted an ALJ's recommendation to deny Ivan Werner's application for reciprocal licensure by granting summary judgment for

the department. Werner seeks review of the assistant commissioner's decision.

## FACTS

Relator Werner was born in Minnesota and later settled in California. In 1974, he completed a twelve-month mortuary science program, passed the National Board Examination in mortuary science, and obtained California certificates of embalming and funeral management. Since then, he has worked continuously in the mortuary science field in California.

Werner applied to the Minnesota Department of Health for a reciprocal Minnesota mortuary science license. The department denied Werner's application because California did not impose licensing requirements "substantially the equivalent" of those provided in Minn.Stat. § 149.03, subds. 1 and 2 (1996). Specifically, the department rejected Werner's application because California did not require two years of accredited higher education for mortuary science licensees. At the time of the denial, one of Minnesota's requirements for mortuary science licensure was the successful completion of two years of study at an accredited college or university.[1]

## ISSUE

To obtain a Minnesota reciprocal mortuary science license, must an out-of-state mortuary science licensee have obtained his or her license from a state that has education requirements substantially the equivalent of those provided in Minn.Stat. § 149.03?

## ANALYSIS

In reviewing an agency decision, we may reverse or modify a prejudicial error of law. Minn.Stat. § 14.69 (1996). The construction of a statute is a question of law and is fully reviewable by this court. *Hibbing Educ. Ass'n v. Public Employment Relations Bd.*, 369 N.W.2d 527, 529 (Minn.1985). "No deference is given to the agency interpretation if the language of the [statute] is clear

and capable of understanding * * * ." *St. Otto's Home v. Minnesota Dept. of Human Servs.*, 437 N.W.2d 35, 40 (Minn.1989).

In denying Werner's license application, the assistant commissioner relied on the following statutory language:

> Any holder of a license issued by state authority in any other state maintaining a *system and standard of examination* for license to engage in the business or practice of mortuary science, which, in the judgment of the commissioner, *shall be substantially the equivalent to that required in this state* for the issuance of a license therefor, may obtain a license from the commissioner without examination in the discretion of the commissioner * * *.

Minn.Stat. § 149.03, subd. 2 (1996) (emphasis added).

In Minnesota, a mortuary science applicant seeking a license must have "satisfactorily completed at least two scholastic years at an accredited college or university in any subjects the commissioner may prescribe." Minn.Stat. § 149.03, subd. 1 (1996). Werner admits that he does not meet this requirement and that California applicants in 1974 were not required to complete two years of higher education. The assistant commissioner denied Werner's application, determining that California's system and standard of examination for licensure are not substantially the equivalent to that of Minnesota. Werner contends that the assistant commissioner erred by conjunctively applying Minn.Stat. § 149.03, subds. 1 and 2 to reciprocal licensure.

The resolution of this case depends upon statutory construction. Statutory terms are to be construed "according to their common and approved usage." Minn.Stat. § 645.08(1) (1996).

> Every law shall be construed if possible, to give effect to all of its provisions.
>
> When the words of a law in their application to an existing situation are clear and

1. In 1997, Minn.Stat. § 149.03 was amended by the legislature. 1997 Minn. Laws ch. 215, §§ 16, 17 (to be codified at Minn.Stat. §§ 149A.20, 149A.30). The education requirement was changed from two years to four years. The com-

missioner is still required to determine if the two states' licensure systems are "substantially similar." Werner's application was made before the statute was changed.

free from all ambiguity, the letter of the law shall not be disregarded * * *.

Minn.Stat. § 645.16 (1996).

The words in the statute here at issue are not ambiguous. Minn.Stat. § 149.03, subd. 2, requires that both states' systems and standards of examination *"shall be substantially * * * equivalent." Id.* (Emphasis added). The legislature directed that the commissioner compare the requirements under which an out-of-state applicant was licensed to the Minnesota statutory licensure requirements. By using the words, "shall be," the legislature intended that the out-of-state applicant's license must be the product of licensing requirements substantially equivalent to Minnesota's licensing requirements. Whether the two states' license requirements are substantially equivalent can be determined by examining both states' license application requirements. We note that at least one other state has refused reciprocal mortuary science licensure using the same comparative procedure. *Cf. Cavanagh v. Coleman,* 72 S.D. 274, 33 N.W.2d 282 (1948) (linking underlying licensure requirements and reciprocity, Pennsylvania undertaker denied reciprocal licensure in South Dakota, which required passage of national exam not required in Pennsylvania).

The satisfactory completion of two years' education at an accredited college or university is required to obtain a mortuary science license in Minnesota. Because Werner's California licensure did not necessitate such education, we conclude that his license is not the product of a licensing system substantially equivalent to that of Minnesota. Therefore, Werner was lawfully denied a reciprocal license under the statute.

## DECISION

As an out-of-state mortuary science licensee seeking a reciprocal Minnesota mortuary science license, relator failed to show that he obtained his license from a system with education requirements substantially equivalent to Minnesota's requirements. Accordingly, the assistant commissioner lawfully denied relator reciprocal licensure.

Affirmed.