**In the Matter of the Claim for Benefits by David M. JERVE.**

**No. A07–0803.**

Court of Appeals of Minnesota.

May 27, 2008.

Arlo H. Vande Vegte, P.A., Long Lake, MN, for relator David M. Jerve.

Lori Swanson, Attorney General, Bernard E. Johnson, Assistant Attorney General, St. Paul, MN, for respondent Minnesota Public Safety Officers Benefit Eligibility Panel.

Considered and decided by STONEBURNER, Presiding Judge; PETERSON, Judge; and WRIGHT, Judge.

## OPINION

PETERSON, Judge.

Relator, who was injured while he was a part-time police officer attending a skills course to become a full-time police officer, appeals from respondent's denial of his application for continued health coverage under Minn.Stat. § 299A.465 (2006). Relator argues that respondent exceeded its authority by going beyond the unambiguous language of Minn.Stat. § 299A.465 and considering his status as a part-time officer when determining whether he was a "peace officer" entitled to continued health coverage. We reverse.

## FACTS

Relator David M. Jerve was hired by the City of Montevideo in 1979 to work as a firefighter/police dispatcher and later became licensed to work as a part-time police officer. After relator had worked for the city as a part-time police officer for about three years, the police chief told him that if he completed the requirements to obtain his license as a full-time police officer, the city would hire him as a full-time officer. Relator then enrolled in a skills-training course to satisfy the license requirements for a full-time officer. The city paid his salary while he attended the course.

During a six-mile run that was part of the skills-training course, relator suffered heat stroke, became disoriented, collapsed, and injured his knee. Despite his injury,

relator obtained his license to work full-time and worked as a police officer for Montevideo for 21 years. But during the 20 years following his knee injury, relator had five knee surgeries. The knee condition became worse after the fifth surgery, and relator was approved for a duty-related disability pension. Relator filed a claim with respondent Minnesota Public Safety Officer's Benefit Eligibility Panel for continuing health coverage under Minn.Stat. § 299A.465, subd. 1 (2006), and the panel denied the claim based on relator's part-time employment status at the time of the injury. This certiorari appeal followed.

## ISSUE

Did the benefit-eligibility panel err in considering relator's part-time employment status when determining whether relator is entitled to continued health coverage under Minn.Stat. § 299A.465, subd. 1?

## ANALYSIS

█ This court reviews quasi-judicial administrative decisions by writ of certiorari. *Dietz v. Dodge County,* 487 N.W.2d 237, 239 n. 3 (Minn.1992). On certiorari review, this court will reverse an administrative body's decision that exceeds its jurisdiction or is based on an erroneous theory of the law. *Id.* at 239. The construction of a statute is a question of law fully reviewable by an appellate court. *Hibbing Educ. Ass'n v. Pub. Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985). A reviewing court is not bound by an agency's interpretation of a statute. *Arvig Tel. Co. v. Nw. Bell Tel. Co.,* 270 N.W.2d 111, 114 (Minn.1978).

██ Relator argues that the panel's decision is void because the panel did not comply with the requirements for a contested-case proceeding under the Administrative Procedure Act (APA), Minnesota

Statutes chapter 14.[1] After questioning jurisdiction and reviewing the parties' submissions, by special-term order, this court determined that this proceeding is not a contested case as defined by the APA. The APA defines a "contested case" as "a proceeding before an agency in which the legal rights ... of specific parties are required by law ... to be determined after an agency hearing." Minn.Stat. § 14.02, subd. 3 (2006); *see also* Minn.Stat. § 14.02, subd. 2 (2006) (defining agency). The panel has the authority to determine eligibility for continued health coverage but is not required to initiate a contested-case proceeding. Minn.Stat. § 299A.465, subd. 7 (2006). Because this was not a contested case, the panel did not need to comply with the requirements for a contested-case proceeding under the APA.

Relator argues that the benefit-eligibility panel exceeded its jurisdiction in denying his claim based on his status as a part-time peace officer at the time of his injury. The panel determined that relator was not eligible for continued health coverage because he did not meet the definition of peace officer. Because the term "peace officer" is defined by statute, whether the panel erred in construing the term is an issue of statutory construction, not jurisdiction.

When a peace officer suffers a disabling injury, the officer's employer is required by statute to continue to provide health coverage for the officer (and in some circumstances, the officer's dependents) until the officer reaches the age of 65. Minn. Stat. § 299A.465, subd. 1 (2006). This requirement

applies when a peace officer ... suffers a disabling injury that:

(1) results in the officer's ... retirement or separation from service;

(2) occurs while the officer ... is acting in the course and scope of duties as a peace officer ...; and

(3) the officer ... has been approved to receive the officer's ... duty-related disability pension.

Minn.Stat. § 299A.465, subd. 1(a).

Whenever a peace officer ... has been approved to receive a duty-related disability pension, the officer ... may apply to the [benefit-eligibility] panel established in subdivision 7 for a determination of whether or not the officer ... meets the requirements in subdivision 1, paragraph (a), clause (2). In making this decision, the panel shall determine whether or not the officer's ... occupational duties or professional responsibilities put the officer ... at risk for the type of illness or injury actually sustained. A final determination by the panel is binding on the applicant and the employer, subject to any right of judicial review.

Minn.Stat. § 299A.465, subd. 6(a) (2006).

The benefit-eligibility panel denied relator's claim, stating:

[relator's] only reported injury occurred in 1988 when he was a part-time peace officer, while in training to become a full-time peace officer. [Relator] did not meet the definition of a peace officer under Minn.Stat. § 299A.465, subd. 5(a). Since no injury occurred while [relator] was employed as a peace officer, his occupational duties and professional responsibilities did not put him

---

1. In his reply brief, relator argues that respondent improperly cites legislative history that was not cited to the benefit-eligibility panel. Legislative history is a legal resource. This court may consider legal resources not cited to the tribunal whose decision is being appealed. *Sylvester Bros. Dev. Co. v. Great Cent. Ins. Co.,* 480 N.W.2d 368, 376–77 (Minn.App.1992), *review denied* (Minn. Mar. 26, 1992).

at risk for the injury he sustained, as required by Minn.Stat. § 299A.465, subd. 6.

Minn.Stat. § 299A.465, subd. 5(a) (2006), does not directly define the term "peace officer." Instead, that subdivision provides that for purposes of section 299A.465, " 'Peace officer' or 'officer' has the meaning given in section 626.84, subdivision 1, paragraph (c)." Minn.Stat. § 299A.465, subd. 5(a) (2006). Minn.Stat. § 626.84, subd. 1(c) (Supp.2007), states:

"Peace officer" means:

(1) an employee or an elected or appointed official of a political subdivision or law enforcement agency who is licensed by the board [of peace officer standards and training], charged with the prevention and detection of crime and the enforcement of the general criminal laws of the state and who has the full power of arrest; and

(2) a peace officer who is employed by a law enforcement agency of a federally recognized tribe, as defined in United States Code, title 25, section 450b(e), and who is licensed by the board.

Minn.Stat. § 626.84, subd. 1 (Supp.2007), also contains a definition of "part-time peace officer," which appears in paragraph (d) of that subdivision. The benefit-eligibility panel essentially concluded that because Minn.Stat. § 626.84 separately defines the term "part-time peace officer," the legislature must have intended to exclude part-time peace officers from the definition of peace officer for purposes of the statutory requirement to provide continued health coverage for disabled peace officers.

■ Citing its own expertise, the panel argues that its decision should be accorded great deference by this court. Deference is owed an agency's interpretation of its governing statute when the stat-

utory language is technical in nature and the interpretation is one of longstanding application. *Arvig Tel. Co.*, 270 N.W.2d at 114. But the rule does not apply when statutory language is clear and unambiguous. *In re Mortician License Application of Werner*, 571 N.W.2d 600, 601 (Minn. App.1997). When the words of a statute are "clear and free from all ambiguity, the letter of the law shall not be disregarded under the pretext of pursuing the spirit." Minn.Stat. § 645.16 (2006). If the legislative intent "is clearly discernible from plain and unambiguous language, statutory construction is neither necessary nor permitted and courts apply the statute's plain meaning." *Am. Tower, L.P. v. City of Grant*, 636 N.W.2d 309, 312 (Minn.2001).

In clear and unambiguous language, Minn.Stat. § 626.84, subd. 1(c), states four specific requirements that a person must meet to fall within the definition of "peace officer," and these requirements make no distinction between full-time and part-time employment status. An officer who meets the four requirements and suffers a qualified disabling injury is entitled to continued health coverage under the plain language of Minn.Stat. § 299A.465, subd. 1. It is not disputed that when he was injured, relator met the four requirements; he was (1) an employee of the City of Montevideo, (2) licensed by the Board of Peace Officer Standards and Training, (3) charged with the prevention and detection of crime and the enforcement of the general criminal laws of the state, and (4) had the full power of arrest. Therefore, the panel had no reason to look beyond section 626.84, subdivision 1, paragraph (c), when determining whether relator was a peace officer at the time of his injury and erred in denying relator continued health coverage based on his status as a part-time peace officer. By considering the definition of "part-time peace officer" in paragraph (d), the panel created an ambiguity

in the statute that would not have existed if paragraph (d) had not been considered.

The parties also address whether relator's occupational duties or professional responsibilities put him at risk for the type of injury he sustained. But the transcript of relator's hearing before the benefit-eligibility panel indicates that a member of the panel moved "to deny this application based on my understanding and my belief that [relator] was not a peace officer at the time of the only reported injury," and the motion carried. Furthermore, the determination order states that relator's claim was denied because he did not meet the statutory definition of a peace officer, and "[s]ince no injury occurred while [relator] was employed as a peace officer, his occupational duties and professional responsibilities did not put him at risk for the injury he sustained, as required by Minn. Stat. § 299A.465, subd. 6." These statements demonstrate that the panel did not consider relator's actual occupational duties or professional responsibilities when it determined that his duties and responsibilities did not put him at risk for the type of injury he sustained; it simply concluded that because relator was not a peace officer, his occupational duties and professional responsibilities could not be the duties and responsibilities of a peace officer. Because the transcript and the determination order demonstrate that the sole basis for the benefit-eligibility panel's decision was that relator did not meet the definition of "peace officer," we will not address whether relator's occupational duties or professional responsibilities put him at risk for the type of injury he sustained. *See In re Livingood*, 594 N.W.2d 889, 893 n. 3 (Minn.1999) (stating that if decision-making body states reasons for quasi-judicial decision, review will be limited to legal sufficiency and factual basis for those reasons).

## DECISION

The panel erred in determining that relator did not meet the definition of "peace officer," in Minn.Stat. § 626.84, subd. 1(c) (2006). Relator is entitled to continued health coverage under Minn.Stat. § 299A.465, subd. 1 (Supp.2007).

**Reversed.**